IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10349
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY DON SHANNON,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas
(3:96-CR-374-T)
_____

November 3, 1995

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Shannon argues that his guilty pleas were not knowingly or voluntarily entered. He contends that the district court failed to comply with the dictates of Fed. R. Crim. P. 11, in that the district court failed to advise Shannon that he had a right to plead not guilty, failed to ask Shannon whether he was under the influence of any medication or narcotics, failed to address the

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

elements of the continuing criminal enterprise charge, and failed to inform Shannon that he was ineligible for parole on the continuing criminal enterprise charge.

Shannon first contends that the district court failed to comply with Rule 11 because the court did not inform him that he had a right to plead not guilty. Although the district court did not directly state to Shannon that he had a right to plead not guilty, the court advised Shannon that "if" he "proceed[ed] on a plea of not guilty" and had a trial, the government would have the burden of proving his guilt beyond a reasonable doubt, thus impliedly stating that Shannon had a right to plead not guilty. Further, Shannon was necessarily aware of his right to plead not guilty, as he had previously pleaded not guilty to one original indictment and two superseding indictments at three separate arraignments.

Further, with regard to Shannon's argument that his guilty plea was not voluntary because the district court failed to inquire whether he was under the influence of narcotics, the district court asked Shannon whether he was under the care of a doctor for any ailment, how long he had been under the care of a psychiatrist, whether his psychiatrist was aware of his re-arraignment, and whether his psychiatrist had any objections to the proceeding. The district court also questioned Shannon's defense counsel, who stated that there had been no indication that Shannon was not competent to enter a plea in the case, and that he had discussed

-2-

with Shannon the nature of the proceedings and the consequences of entering a guilty plea. The district court determined that Shannon was competent to enter a plea and that he understood the nature of the proceedings. Although he informed the court at sentencing that he had a "drug problem," Shannon gave the court no indication when he entered his plea that he was under the influence of narcotics, nor does he allege now that he was under the influence of narcotics at the time of his re-arraignment.

Shannon also contends that the district court failed to address the elements of the continuing criminal enterprise charge and failed to inform him that he was ineligible for parole on the continuing criminal enterprise charge. Shannon stated, however, that he had received a copy of both the superseding indictment and the information, that he had gone over the documents with his attorney, that he understood the charges in each of the documents, and he waived the reading of the information and the indictment in open court. The government then read the factual resume in open court, and Shannon stated that he agreed with the factual resume. Further, we have held, as Shannon concedes in his brief, that a defendant need not be advised of his ineligibility for parole prior to the district court's acceptance of his guilty plea. See United States v. Posner, 865 F.2d 654, 659-60 (5th Cir. 1989).

The district court's minimal variance from Rule 11 was thus harmless error. See Johnson, 1 F.3d at 298. The court's errors did not affect Shannon's "substantial rights" as Shannon's

-3-

"knowledge and comprehension of the full and correct information" would not have been "likely to affect his willingness to plead guilty."  Id. at 298, 302.

A F F I R M E D.